UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENARO CORONA-SANCHEZ, ) | |
| ) | |
| Movant, ) | 05 C 2449 |
| ) | |
| v. ) | |
| ) | Honorable Charles R. Norgle |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Movant Genaro Corona-Sanchez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Movant Genaro Corona-Sanchez ("Sanchez") challenges his sentence for illegal reentry into the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). For the following reasons, the Motion is denied.

### I. BACKGROUND

On August 6, 2003, a Grand Jury returned a one-count indictment charging Sanchez with illegal reentry into the United States. The indictment alleged that Sanchez had previously been deported and removed from the United States subsequent to a conviction for an aggravated felony, and was found in the United States on July 30, 2003 without having obtained the express consent of the Attorney General to reapply for admission into the United States. Sanchez pled guilty to this offense on September 24, 2003. On December 18, 2003, the court sentenced Sanchez to forty-one months in the custody of the Bureau of Prisons, to be followed by a term of three years supervised release. The Clerk of the Court entered the Judgment and Commitment

1

Order on December 22, 2003. Sanchez did not appeal this judgment. On April 18, 2005, Sanchez filed the instant § 2255 Motion. The Motion is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, of Constitutional magnitude, or there has been a "complete miscarriage of justice." See Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004). This statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 ¶ 1. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2. In making that determination, the court must review the evidence and draw all reasonable inferences from it in a light most favorable to the Government. See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000); Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992).

### B. Sanchez's Claim for Relief under § 2255

Since neither Sanchez nor the government appealed the conviction or sentence, this criminal case became final on January 1, 2004, ten days after the Court's entry of judgment. See FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in

2

the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); see also Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004). Setting aside other scenarios which do not apply to Sanchez's case, his § 2255 Motion must have been filed within one year of the date on which his conviction became final. 28 U.S.C. § 2255. Sanchez filed his § 2255 Motion on April 18, 2005, well after the statutory deadline of January 1, 2005. This Motion is therefore untimely.

In addition, Sanchez's sole claim for relief under § 2255 is that his sentence violates the rule affirmed by the Supreme Court in United States v. Booker: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. 220, 244 (2005). The Seventh Circuit has held that "Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005." McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); see also United States v. Paladino, 401 F.3d 471, 481 (7th Cir. 2005). Since Sanchez's conviction became final on January 1, 2004, his only claim for relief is barred under the time constraints explained in McReynolds and Paladino.

## III. CONCLUSION

Sanchez's § 2255 Motion is untimely, and Seventh Circuit caselaw clearly bars his sole claim for relief. This Motion is therefore denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: June 27, 2007